IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN J. ROBERTSON, :
:
Petitioner :
: NO. 4:08-CV-1064
:
v. : (Judge Jones)
:
DISTRICT ATTORNEY OF :
DAUPHIN COUNTY, *et al.*, :
:
Respondents :

## MEMORANDUM

May 12, 2009

Petitioner Justin Robertson ("Petitioner" or "Robertson"), an inmate presently confined at the Camp Hill State Correctional Institution ("SCI-Camp Hill") in Camp Hill, Pennsylvania, commenced the instant action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254. Robertson challenges his 2003 conviction in the Dauphin County Court of Common Pleas of first degree murder, criminal conspiracy to commit murder, and possession of an instrument of crime. For the reasons set forth below, the Petition will be dismissed as untimely.

# I. BACKGROUND

The relevant factual background was summarized by the Pennsylvania Superior Court in its May 29, 2007 Memorandum quashing Robertson's direct appeal *nunc pro tunc* as follows:

> This case has its genesis in the murder of Lawrence Green. On August 28, 2002, Robertson fatally shot Green in the chest, apparently in retaliation for the murder of Terry Osborn, for which Robertson believed Green was responsible. Following a jury trial on November 7, 2003, Robertson and co-defendant Troy Steinberger were convicted of first degree murder,[1] criminal conspiracy to commit murder,[2] and possession of an instrument of crime.[3] Thereafter, Robertson was sentenced to life imprisonment without the possibility of parole for the first degree murder charge, plus restitution. Additionally, Robertson was sentenced to a concurrent period of not less than ten nor more than twenty years imprisonment for criminal conspiracy and a period of not more than one nor less than two years [sic] of imprisonment for possession of an instrument of crime.
>
> [1] 18 PA. CONS. STAT. ANN. § 2052(a).
> [2] 18 PA. CONS. STAT. ANN. § 903.
> [3] 18 PA. CONS. STAT. ANN. § 907.

(*See* Doc. 10-5 at 27-28, 5/29/07 Pennsylvania Superior Court Memorandum.) On April 6, 2004, Robertson's direct appeal from his judgment of sentence was quashed for failure to file a brief. (Doc. 10, Respondents' Partial Answer, ¶ 3.) He did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. (*Id.* at ¶ 4.)

On May 6, 2004, Robertson filed a Petition for Reinstatement of Direct Appeal with the Pennsylvania Superior Court. (*Id.* at ¶ 5.) On May 11, 2004, the

2

Pennsylvania Superior Court denied the Petition for Reinstatement of Direct Appeal "without prejudice to Appellant's rights under the Post Conviction Relief Act." (*Id.* at ¶ 6.)

On November 23, 2005, Robertson filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA"). (*Id.* at ¶ 7.) On December 2, 2005, the PCRA court appointed counsel to represent Robertson and granted leave to file a supplemental PCRA petition. (*Id.* at ¶ 8.) On March 20, 2006, counsel filed a supplemental PCRA petition on Robertson's behalf seeking reinstatement of the right to file a direct appeal *nunc pro tunc*. (*Id.* at ¶ 9.) On May 25, 2006, the PCRA court granted relief by reinstating Robertson's right to file a direct appeal *nunc pro tunc*. (*See* Doc. 10-4 at 23, 9/28/06 PCRA court Memorandum Opinion.) On June 1, 2006, the PCRA court appointed appellate counsel. (*See id.*)

Robertson filed a direct appeal *nunc pro tunc* with the Pennsylvania Superior Court on June 28, 2006. (*See id.*) On May 29, 2007, the Pennsylvania Superior Court quashed Robertson's direct appeal *nunc pro tunc* because his PCRA petition was untimely, and therefore, the PCRA court did not have jurisdiction to grant relief. (*See* Doc. 10 ¶ 12; Doc. 10-5 at 27.)

3

On June 2, 2008, Robertson filed the instant Petition for Writ of Habeas Corpus. (*See* Doc. 1.) On June 4, 2008, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to Robertson that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 3.) On June 12, 2008, Robertson filed a Notice of Election requesting that the Court rule on the Petition as filed. (Doc. 5.) Accordingly, an Order to Show Cause was issued on July 1, 2008 directing service of the Petition on the Pennsylvania Office of Attorney General and the Dauphin County District Attorney's Office and requiring Respondents to file an answer to the Petition within twenty (20) days. (Doc. 7.)

On July 20, 2008, Respondents filed a Motion requesting leave to file a partial answer limited to the issue of the timeliness of the Petition. (Doc. 9.) On July 21, 2008, Respondents filed a proposed partial answer (Doc. 10), a supporting brief (Doc. 10-2), and supporting exhibits (Docs. 10-3, 10-4, 10-5.) By Order dated July 28, 2008, Respondents' Motion was granted, and the Partial Answer (Doc. 10) was deemed filed. (Doc. 12.) In addition, the July 28 Order provided that Robertson

4

could file a reply to the Partial Answer within fifteen (15) days from the date of the Order. (*See id.* at 2.)

On July 31, 2008, Robertson filed his first Motion requesting an extension of time to file a reply. (Doc. 13.) Robertson explained that he needed additional time to prepare a reply because of his status as a prisoner and lack of experience in the law. (*See id.* at ¶ 10.) By Order dated August 4, 2008, Robertson's Motion was granted, and he was given until September 2, 2008 to file a reply. (Doc. 14.)

On September 2, 2008, Robertson filed his second Motion requesting an extension of time to file a reply. (Doc. 15.) Robertson explained that he had been unable to access the law library in order to perform the investigation and legal research necessary to prepare his reply, and thus requested an additional thirty (30) days to file a reply. (*See id.* at ¶¶ 4-6.) By Order dated September 8, 2008, Robertson's Motion was granted, and he was given until October 2, 2008 to file a reply. (Doc. 16.)

On March 30, 2009, Robertson filed his third Motion requesting an extension of time to file a reply. (Doc. 17.) Robertson cited the same reasons as in his second Motion for an extension of time in support of his request. (*See id.*) By Order dated April 1, 2009, Robertson was afforded a final extension of time, and he was directed to file a reply on or before April 30, 2009. (Doc. 19.) As of this date, no reply has

5

been filed. Robertson has now had nine months to file his reply to Respondents' answer, and no further extension will be granted. Accordingly, the matter is ripe for disposition.

## II. DISCUSSION

### A. Timeliness of Petition

Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. § 2244(d)(1). In this case, Robertson filed a direct appeal from his judgment of sentence, but it was quashed on April 6, 2004 as a result of his failure to file a brief. (*See* Doc. 10-3 at 7, Pennsylvania Superior Court Docket for No. 1902 MDA 2003.) He did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Thus, his judgment of sentence became final on May 6, 2004 upon the expiration of time for filing a petition for allowance of appeal. *See* Pa. R. App. P. 1113(a) (a petition for allowance of appeal in the Pennsylvania Supreme Court is to be filed within thirty (30) days of the entry of the order of the Superior Court). Robertson thus had until May 6, 2005 to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). Accordingly, his Petition, filed on June 2, 2008, is facially not timely.

The Third Circuit Court of Appeals has held that "[t]he statute of limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during

6

the time a 'properly filed' application for post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)); *see also Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). However, for the reasons set forth below, Robertson does not meet the requirements of either of these exceptions.

**B.    Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). An untimely PCRA is not "properly filed" and does not toll the statute of limitations under the AEDPA. 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Further, in order to receive the benefit of tolling of the federal statute of limitation, a state post-conviction application must be filed before the federal limitations period runs out; otherwise, there is nothing left to be tolled. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed

7

post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period). In the instant case, neither Robertson's Petition for Reinstatement of Direct Appeal filed with the Pennsylvania Superior Court nor his PCRA petition were "properly filed" such that statutory tolling under § 2244(d)(2) applies.

Robertson's Petition for Reinstatement of Direct Appeal did not comply with the pleading requirements of the PCRA, *see* 42 Pa. Cons. Stat. § 9543(a); Pa. R. Crim. P. 902, because it was filed in the Pennsylvania Superior Court rather than the Court of Common Pleas. *See* Pa. R. Crim. P. 901(B) (requiring PCRA petition to be filed with clerk of the court in which defendant was convicted and sentenced). Accordingly, it was not a "properly filed" petition such that its filing tolled the statute of limitations under 28 U.S.C. § 2244(d)(2).

Robertson's PCRA petition was also not "properly filed" because it was untimely. Any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3). As noted above, Robertson's judgment became final on May 6, 2004. As the Pennsylvania Superior Court determined, his PCRA petition, filed on

8

November 23, 2005, was not timely. (*See* Doc. 10-5 at 30-32.) Consequently, the statute of limitations was not tolled under the AEDPA because Robertson's PCRA petition was not "properly filed." *See* 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. 408.

## C.  Equitable Tolling

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where

9

extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001) (citing cases). The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson,* 313 F.3d 128, 142 (3d Cir.2002).

Robertson has not asserted any extraordinary circumstances that would allow him to benefit from equitable tolling. His counsel's failure to file a brief with the Pennsylvania Superior Court in Robertson's direct appeal, did not prevent Robertson from filing a timely PCRA petition, but instead, he filed a Petition for Reinstatement of Direct Appeal. Even when the Pennsylvania Superior Court dismissed that Petition "without prejudice to [his] rights under the Post Conviction Relief Act,"

10

however, Robertson still waited over 18 months to file his PCRA petition. Robertson then waited over one year after the Superior Court quashed his direct appeal *nunc pro tunc* before filing the instant Petition. Even if extraordinary circumstances existed here (and there is no indication that is the case), the Court would not find that Robertson exercised reasonable diligence after the extraordinary circumstances began. For these reasons, Robertson is not entitled to equitable tolling.

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) will be dismissed as untimely. Based upon the above analysis, a certificate of appealability will be denied. However, Robertson is advised that he has the right to appeal this Order denying his Petition within 30 days, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(1)(a)(A), and that this Court's denial of a certificate of appealability does not prevent him from doing so, as long as he seeks, and obtains, a certificate of appealability from the United States Court of Appeals for the Third Circuit. *See* Fed. R. App. P. 22(b). An appropriate Order shall issue.